UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE KIRKLAND, JR.,

    Plaintiff,

v.

DONALD NOLL, ET AL.,

    Defendants.
_____/

Case No. 12-15261

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [17]

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) [27], recommending that the Court GRANT Defendant Noll and Vernarsky's Motion to Dismiss or for Summary Judgment [17], and dismiss the matter in its entirety under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

The third Defendant in this case, Defendant Crowder, is not a party to the Motion [27]. Defendant Crowder has not been served in this case because her waiver of service was returned indicating that she is "not employed by MDOC [and] no new address [was] given."

Defendants' Motion to Dismiss or for Summary Judgment [17] was filed on February 4, 2013. The R&R [27] was filed on June 3, 2013. Pro se Plaintiff filed his Objection [30] on July 18, 2013.

For the reasons stated below, Defendants' Motion to Dismiss or for Summary Judgment [17] is GRANTED.

## Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. See 28 U.S.C. §636(b)(1)(c).

In a motion to dismiss, "the Plaintiff's well-pleaded factual allegations are taken as true, and reasonable inferences must be drawn in the Plaintiff's favour." *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). However, a court need not accept as true legal conclusions or draw unwarranted factual inferences. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Further the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff's factual allegations must do more than demonstrate a "sheer possibility that a defendant has acted unlawfully." *Id.*

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in

the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

## Analysis

Plaintiff's Objection [30] states that the R&R [27] contains three factual inaccuracies and misrepresents the waiver of service as to Defendant Crowder. After listing these inaccuracies, Plaintiff states that he objects to the R&R [27] "due to all of the above and false and incomplete information contained within" the R&R [27].

**Objection 1**

The R&R [27] represents that Plaintiff alleges that his Presentence Investigation Report (PSI) "falsely indicates that Plaintiff had a total of 21 assaultive convictions (17 misdemeanor and 4 felony), while Plaintiff's MDOC risk screening shows that he is actually a "very low assaultive risk." Plaintiff now objects, arguing that he "never indicated in his Complaint that the PSI contained or falsely indicates a total of 21 assaultive convictions." Instead, Plaintiff argues that his Complaint [1] states that "Defendant Donald Noll obtained a MDOC Assessment Result Form [], which is a

3

form that is obsolete and has not been used in years," and that "Defendant Donald Noll took the [] form and listed a false amount of DUI convictions (assaultive), on this form and submitted it to the Court."

Plaintiff's Complaint [1] states, "[t]he falsified, inaccurate and misleading information contained within the PSI are as follows in numerical order...[the MDOC assessment results sheet] has a total of 21 assaultive convictions consisting of 17 assaultive misdemeanor convictions and 4 felony assaultive convictions." The Complaint [1] goes on to note that the assessment results sheet "was obsolete and had not been used in years." Therefore, while the fact as listed in the R&R [27] may tend to focus on the falsity of the 21 convictions, it also highlights the point made later in Plaintiff's Complaint [1], that the PSI presented false information that wrongly countered the finding of "very low assaultive risk." Moreover, the Complaint [1] does state that the PSI falsely included these 21 convictions, and the R&R [27] does go on to address Plaintiff's allegations as to the false number of DUI convictions.

Therefore, the R&R [27] does not inaccurately represent the factual allegations made in Plaintiff's Complaint [1] as to the 21 convictions.

**Objection 2**

Plaintiff then objects, arguing that:

Plaintiff never stated in his Complaint that the PSI shows he was convicted of 26 separate offenses. There are 26 arrests in the PSI and Plaintiff was not convicted of all 26 arrests. Defendant Donald Noll

4

>illegally changed Final Charges of Impaired Driving to a higher Final Charge of OWI on number 2 and 3 of 26.

The relevant portion of the R&R [27] states that Plaintiff alleges that "his PSI Report contains the following inaccuracies...Plaintiff's PSI shows that he was convicted of 26 separate offenses, but with regard to numbers 2 and 3 of those offenses, the "Final Charges" are listed as OWI when he actually plead to Impaired Driving."

Plaintiff's Complaint [1] refers to the 26 items on his PSI as "offenses," refers to numbers 2 and 3 as convictions, and then states that 21 of the 26 items were listed as convictions. Plaintiff's Complaint [1] does not refer to the remaining "offenses" as arrests. Therefore, while Plaintiff may be correct in that the R&R [27] inaccurately represents that Plaintiff identified all 26 items as convictions, the R&R [27] also highlights Plaintiff's allegations that the information on his PSI was false or inaccurate. Moreover, a difference between 21 or 26 convictions does not effect the substantive findings of the Magistrate Judge, including the findings that Plaintiff failed to exhaust administrative remedies as to all Defendants, that claims for monetary damages cannot be made against Defendants in their official capacities, that §1983 liability cannot rely on a theory of respondeat superior, and that Plaintiff failed to make a claim of a Constitutional violation.

Therefore, this potential factual inaccuracy within the R&R [27] provides no basis to disturb the findings and recommendations of the Magistrate Judge.

**Objection 3**

Next, Plaintiff objects to the portion of the R&R [27] that states, "Plaintiff's PSI falsely shows (through his record from the Secretary of State) that he has a "Conviction Date" of January 15, 2011." Plaintiff's Objection [30] argues that the "Secretary of State Driving Record does not show or have a Conviction Date of January 15, 2011." Instead, Plaintiff alleges that the "Conviction Date of January 15, 2011, is in the Secretary of State Driving Record and put there falsely by Donald Noll when I have never been convicted or shown as cause of this accident." Plaintiff then states that the "Michigan Secretary of State Driving Record does not list or show this Conviction Date or Plaintiff as cause of [the] accident."

While Plaintiff's objection here is inconsistent, the fact that Plaintiff's PSI falsely included a conviction date of January 15, 2011 is made clear within the R&R [27]. Therefore, Plaintiff's third objection is denied.

**Objection 4**

Plaintiff's Objection [30] then addresses the returned waiver of service as to Defendant Crowder. Plaintiff asserts that he provided the Court with an address for Defendant Crowder, which is the same address used to serve Defendant Noll and Vernarksy. However, Plaintiff fails to provide any alternative information for Defendant Crowder or any explanation for the return of service.

Therefore, Plaintiff last objection is also denied.

## Conclusion

For the reasons stated above, Defendants' Motion to Dismiss or for Summary Judgment [17] is GRANTED.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [27] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or for Summary Judgment [17] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: September 27, 2013

___

### CERTIFICATE OF SERVICE

I hereby certify on September 27, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 27, 2013: **George Kirkland.**

s/Michael E. Lang
Case Manager to
District Judge Arthur J. Tarnow
(313) 234-5182